[No. 23422. Department Two. December 14, 1931.]

C. I. T. CORPORATION, *Respondent,* v. WALTER A. ANDERSON, *Appellant.*[1]

*Edward A. Davis,* for appellant.
*Danson, Lowe & Danson,* for respondent.

BEALS, J.—Defendant, Walter A. Anderson, an automobile dealer, entered into a contract with plaintiff, a finance company, the material portions of which read as follows:

"DODGE BROTHERS CREDIT PURCHASE PLAN
"Dealer's Agreement
"Cornell, Wash.
"To: C. I. T. CORPORATION,  February 24th, 1928.
"San Francisco.
"Part 1.
"(1) IN CONSIDERATION of your purchasing from us from time to time acceptable instalment obligations of

[1]Reported in 5 P. (2d) 990.

purchasers to whom we have delivered new or used passenger and commercial cars (excluding Busses) covered by conditional sale contract (herein called 'contracts') to be duly assigned by us, such obligations being sold and delivered by us to you endorsed 'Without Recourse' or without our endorsement thereon.

"(2) We agree that if you are obliged to repossess or foreclose upon any such automobiles for non-payment of any instalment or for any other reason, that we will assist you in every possible way to obtain repossession of such automobiles and that we will purchase each such automobile from you at place of repossession (in case of a conversion by purchaser you are to deliver car at our place of business) and pay you the unpaid balance of the obligation held by you. If any such automobiles shall have suffered material collision damage, you shall cause such damage to be repaired or shall make reasonable allowance to us to repair such damage.

"(3) You agree that our net losses, if any, arising out of the resale of cars so repurchased by us, out of the total number financed with you in each complete 12-month period following the date hereof, shall not exceed 2½% of the total amount of obligations purchased by you from us during the same period, it being however mutually agreed, that the total amount of obligations purchased by you from us shall in no event be deemed to be less than $25,000, so far as the application of this limitation is concerned. 'Net Losses' shall mean the difference between the total sales price of all such cars to retail purchasers, and the amounts we paid you therefor plus our actual cost of putting such cars in saleable condition."

Under date September 7, 1929, defendant, by contract of conditional sale, sold a Dodge automobile to one E. S. Snelling, the purchaser agreeing to pay $1,600.92, the balance of the purchase price of the car after the allowance of certain credits, in eighteen monthly payments of $88.94 each. Defendant thereupon assigned the conditional sale contract to plaintiff, who thereafter, upon failure of the purchaser to main-

tain the contract in good standing, repossessed the car. Plaintiff thereupon demanded of defendant that he purchase the car and pay to plaintiff therefor the unpaid balance due on the contract between defendant and Mr. Snelling.

Defendant failing to purchase the car, plaintiff instituted this action, alleging in its amended complaint the contract between it and defendant hereinabove referred to, the making of the contract of conditional sale between defendant and Mr. Snelling, and the assignment thereof to plaintiff; that the automobile had subsequently been damaged in a wreck, and repossessed by plaintiff as assignee under the contract of conditional sale; that there was a balance due on the contract in the sum of $1,600.92; that plaintiff had repaired the automobile, and, because of the failure of defendant to purchase the car from plaintiff, had sold the same for the sum of $750, that being its reasonable market value.

Plaintiff prayed for judgment for the sum of $850.92, being the balance remaining due on account of the purchase price of the car, after crediting thereon the $750 received by plaintiff as the proceeds of the sale of the car, together with interest and costs.

Defendant answered, denying certain of the allegations of the amended complaint, alleging that the car was reasonably worth $1,200, or $450 more than the sum for which plaintiff sold it, alleging further that plaintiff had no right to sell the machine to any third party, and praying for a dismissal of the action.

After a trial to the court, sitting without a jury, findings of fact and conclusions of law were entered in plaintiff's favor, followed by a judgment in accordance therewith for $866.60, from which judgment defendant appeals.

■ Appellant argues only one question, contending that, under the third paragraph of the contract between the parties, hereinabove set forth, appellant cannot be held liable to respondent in any sum greater than $625, or two and one-half per cent of $25,000, the minimum specified in the contract, and that the judgment should be reduced to the amount mentioned.

There is no testimony in the record as to the total amount of the contracts sold by appellant to respondent, and it is, of course, apparent that the contract which is the basis of this action was assigned to respondent during the second "12-month period" following the execution of the original agreement between these parties. There is, then, in the record no data upon which can be based any computation which would disclose whether or not appellant, during the second 12-month period under its contract with respondent, suffered any net loss. The dealings between the parties may have resulted in a net profit to appellant.

A more complete answer to appellant's contention is, however, found in the second paragraph of the agreement above quoted, wherein appellant agreed to purchase from respondent automobiles repossessed by it. Appellant did not comply with this provision of the contract, although it appears from the evidence that respondent made demand upon him that he do so by purchasing the machine with which we are here concerned.

Appellant neither pleaded nor attempted to prove that his dealings with respondent had resulted in any net loss to appellant; neither did he plead or prove any facts which would tend to excuse his failure to purchase the car from respondent in accordance with his contract. Appellant demanded no accounting between himself and respondent, but in his answer raised the issue of fact that respondent sold the car for less

than its reasonable value, to appellant's detriment, and the issue of law that, under the contract between the parties, respondent had no right to sell the car at all.

It is evident that appellant cannot rely upon that portion of the third paragraph of his contract with respondent, above quoted, limiting his net loss to two and one-half per cent of the total amount of obligations purchased from appellant by respondent during each 12-month period, in the absence of any showing that he suffered any such net loss.

The basis of this action is appellant's failure to purchase one particular car in accordance with his contract. The trial court found that respondent received for the automobile the reasonable value thereof, for which appellant received credit, and that, under the second paragraph of the contract between the parties, appellant was liable to respondent for the balance of the unpaid purchase price of the car.

Examination of the record convinces us that the findings of the trial court are supported by the preponderance of the evidence, and the judgment appealed from is accordingly affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.